UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSHUA SMALLEY,

Plaintiff,

v.

JAMES KINSELLA, Police Officer,
City of Bend Police,

Defendant.

Case No. 6:16-cv-00530-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, a former inmate at the Oregon State Penitentiary, brings this action pursuant to 42 U.S.C. § 1983 against James Kinsella, a City of Bend police officer. Plaintiff alleges that Officer Kinsella used excessive force by deploying a canine against plaintiff when effectuating his arrest. Plaintiff seeks costs and compensatory damages.

Defendant moves to dismiss plaintiff's claim on grounds it is barred by the principles of *Heck v. Humphrey*, 512U.S. 477 (1994) and qualified immunity. Defendant's motion is granted and this case is dismissed.

1   - OPINION AND ORDER

## BACKGROUND

On March 6, 2016, Officer Kinsella heard a call over dispatch about a disturbance at the Crest Butte Apartment Complex in Bend, Oregon. Kinsella Decl. at 2. Dispatch advised that the female caller reported that plaintiff had punched her neck and kicked her back in the presence of her toddler daughter. Officer Kinsella did not initially respond to the call. *Id.*

Shortly afterward, a responding police officer called Officer Kinsella and informed him that officers could not locate plaintiff at the scene. The officer asked Officer Kinsella to bring his police canine, Haras, to the scene and attempt to locate plaintiff. *Id.*

Officers Kinsella and Jake Chandler arrived at the Crest Butte Apartment Complex at approximately the same time. *Id.* at 3. They noticed an individual gesturing at them and pointing toward the south end of the apartment complex. Officer Kinsella saw a man he recognized as plaintiff crouched near the south end of building. *Id.*

As Officers Kinsella and Chandler walked toward plaintiff, Officer Kinsella called out to plaintiff and asked him to stand up and turn around. Plaintiff responded, "Fuck you! I'm talking to my mom." *Id.* at 3. Plaintiff then rose from his crouched position and turned toward Officer Chandler, raising his fists. Plaintiff then began bouncing on his feet and charged toward Officer Chandler with raised fists. Chandler Decl. at 3. As Officer Chandler reached for his taser, Officer Kinsella deployed Haras, who bit plaintiff on the upper right arm and apprehended him. *Id.*; Kinsella Decl. at 3-4. Officer Kinsella and two other officers then surrounded plaintiff and handcuffed him, and Haras released plaintiff. Officers called paramedics to the scene pursuant to police department policy. Kinsella Decl. at 4. Officer Kinsella and Haras had no further contact with plaintiff.

Plaintiff was indicted on charges of Attempted Assault of a Public Safety Officer, Resisting Arrest, and Assault in the Fourth Degree. Franz Decl. Ex. 103. On June 9, 2016, plaintiff pled guilty to Attempted Assault on a Public Safety Officer and stated, "on or about 3-6-16 in Deschutes County, OR, I did attempt to cause physical injury to Officer Chandler, a person I knew to be a peace officer, while Officer Chandler was acting in the course of official duty." *Id.* Exs. 101, 104 at 3.

On March 28, 2016, plaintiff filed this action against Officer Kinsella (as the canine officer) and several other defendants. The court dismissed most of plaintiff's claims and ultimately allowed plaintiff to file an amended complaint naming Officer Kinsella as the sole defendant.

On June 26, 2017, Officer Kinsella moved for summary judgment. Plaintiff has not responded after being provided with the required summary judgment notice. Further, legal mail sent to plaintiff at his last known address has been returned, and plaintiff has not updated his address with the court.

## DISCUSSION

Officer Kinsella moves for summary judgment on grounds that plaintiff's claim implicates the validity of his conviction for Attempted Assault on a Public Safety Officer and runs afoul of the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (Under *Heck*, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed"). Officer Kinsella also argues that the deployment of Haras was not excessive and he is entitled to

qualified immunity, as he did not violate a clearly established Fourth Amendment right of which a reasonable officer would have known.

Regardless of *Heck*'s application, I agree that Officer Kinsella is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To ascertain whether qualified immunity applies, the court determines whether a deprivation of a constitutional right occurred and whether that right was clearly established at the time of the deprivation. *Id.* at 231-32; *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012). Here, plaintiff alleges the deprivation of his Fourth Amendment right to be free from unreasonable seizure through the use of excessive force.

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). "Determining whether a particular use of force is reasonable requires a fact-finder to balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Boyd v. Benton Cnty.*, 374 F.3d 773, 778-79 (9th Cir. 2004) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (9th Cir. 1989)). Factors the court should consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect is resisting or evading arrest. *Smith v. Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). Based on the undisputed facts of record, I find no Fourth Amendment violation.

As Officer Kinsella points out, plaintiff charged at Officer Chandler with raised fists as the officers approached him. Kinsella Decl. at 3; Chandler Decl. at 3. In fact, plaintiff admitted that he attempted to cause Officer Chandler physical harm. Franz Decl. Ex. 104 at 3. The officers also knew that plaintiff was accused of assaulting a woman and had a history of violent felonies. Kinsella Decl. at 2; Chandler Decl. at 2. Clearly, plaintiff posed an immediate threat to their safety. Under those circumstances, it was not unreasonable or excessive for Officer Kinsella to deploy Haras to prevent injury to Officer Chandler and potentially Officer Kinsella himself. Further, the deployment of Haras was brief and lasted only until plaintiff was handcuffed. *See Miller v. Clark Cnty.*, 340 F.3d 959, 965-67 (9th Cir. 2003) (finding no excessive force after police deployed canine to apprehend a potentially armed suspect who was hiding in a rural area after defying officers' orders). Therefore, plaintiff was not deprived of his rights under the Fourth Amendment.

At the very least, a reasonable officer would not have known that deploying a canine in those circumstances would violate a clearly established constitutional right. Officer Kinsella did not release Haras solely to effectuate an arrest pursuant to a departmental policy. *E.g., Chew v. Gates*, 27 F.3d 1432, 1445-47 (9th Cir. 1994). Further, Officer Kinsella did not release Haras when plaintiff was handcuffed or had fully surrendered to officers. *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994) ("[N]o particularized case law is necessary for a deputy to know that excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control."). Rather, Officer Kinsella deployed Haras to prevent injury to a fellow police officer after plaintiff admittedly charged at Officer Chandler. Accordingly, Officer Kinsella is entitled to qualified immunity.

///

CONCLUSION

For the reasons explained above, Officer Kinsella's Motion for Summary Judgment (ECF No. 43) is GRANTED.

DATED this 17 day of October, 2017.

/s/ Ann Aiken
Ann Aiken
United States District Judge